UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JUSTIN COLLINS,                          )
                                         )
                    Plaintiff,           )
                                         )
            v.                           )    No. 1:26-cv-00506-JRO-MJD
                                         )
VANESSA FANG,                            )
ELYSSA O. SLUTZKY,                       )
JAVIER E. ORTIZ,                         )
                                         )
                    Defendants.          )

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*,
DISMISSING COMPLAINT FOR LACK OF JURISDICTION,
AND ORDER TO SHOW CAUSE**

This matter is before the Court on *pro se* Plaintiff Justin Collins's motion for leave to proceed *in forma pauperis.* Dkt. [2]. Because the Court grants this motion, this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915(e)(2)(B). Collins brings this action against Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz. The substance of Collins's entire complaint reads:

1. Defendants delayed the ruling,
2. This case is brought on diversity,
3. Plaintiff demands damages over $75,000.

Dkt. 1 at 1. This fails to state a claim, and the Court lacks jurisdiction in any case. For the reasons discussed below, the Court **GRANTS** the motion to proceed *in forma pauperis,* **DISMISSES** Collins's complaint without prejudice, and **ORDERS** him to show cause **by April 27, 2026,** why final judgment should not issue against him.

## I.

## IN FORMA PAUPERIS STATUS

The Court may authorize a plaintiff to file a lawsuit "without prepayment of fees" if the plaintiff "submits an affidavit" demonstrating that he lacks the assets to pay the filing fee at this time. 28 U.S.C. § 1915(a)(1). Collins's motion, dkt. 2, meets this standard and is **GRANTED** accordingly.

While *in forma pauperis* status allows a plaintiff to proceed without pre-paying the filing fee, the plaintiff remains liable for the full fees. "[A]ll § 1915(a) does for any litigant is excuse the *pre*-payment of fees. Unsuccessful litigants are liable for fees and costs and must pay when they are able." *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997)). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due at this time, but the $350.00 balance remains due and owing.

## II.

## SCREENING STANDARD

When a plaintiff is granted *in forma pauperis* status, the Court has an obligation to ensure the complaint is legally sufficient. 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief. *Id.* Dismissal under § 1915 is an exercise of this Court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of

Civil Procedure 12(b)(6), "taking all well-pleaded allegations of the complaint as true and viewing them in the light most favorable to the plaintiff." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (quoting *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010)). To survive dismissal, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because a defendant must have "fair notice of what . . . the claim is and the grounds upon which it rests," it is not enough for a plaintiff to say that he has been illegally harmed. *Twombly*, 550 U.S. at 555. Rather, he must set forth a "short and plain statement" of facts in his complaint such that the Court can infer the ways in which the named defendant could be held liable for the harm alleged. Fed. R. Civ. P. 8(a)(2).

*Pro se* complaints, such as that filed by Collins, are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Arnett*, 658 F.3d at 751. Nevertheless, any plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

### III.

### DISCUSSION

As a threshold matter, this Court cannot gather sufficient information from Collins's complaint to satisfy itself that it has subject-matter jurisdiction over the claim. And even if Collins did show subject-matter jurisdiction, his

complaint fails to state a claim upon which relief can be granted.  Both issues require dismissal.

**A.      Collins does not show diversity jurisdiction.**

Because Collins does not establish that his claim meets the requirements for subject-matter jurisdiction, this court cannot hear his complaint.  "Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  To consider the merits of a case, a federal "court must have the power to decide the claim before it (subject-matter jurisdiction)."  *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017).  "[I]t is axiomatic . . . that courts must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking."  *Buethe v. Britt Airlines, Inc.*, 749 F.2d 1235, 1238 n.3 (7th Cir. 1984).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  The plaintiff "bears the burden of establishing that the jurisdictional requirements have been met."  *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014).

The basic statutory framework for subject-matter jurisdiction based on diversity of citizenship lies in 28 U.S.C. § 1332. "A plaintiff properly . . . invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

Collins's complaint here purports to invoke diversity jurisdiction by stating "[t]his case is brought on diversity" and "Plaintiff demands damages over

4

$75,000." Dkt. 1 at 1. Yet Collins includes no concrete information to support this claim. Federal Rule of Civil Procedure 8(a)(1) requires that complaints contain "a short and plain statement of the grounds for the court's jurisdiction . . . ." And this statement must allege jurisdiction "affirmatively and distinctly," not "argumentatively or by mere inference." *McCready v. eBay, Inc.*, 453 F.3d 882, 890 (7th Cir. 2006) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1206 (3d ed.2004)) (affirming dismissal when a *pro se* plaintiff did not provide a corporate defendant's principal place of business and so failed to allege complete diversity).

Collins does not include citizenship information for either himself or the defendants. Instead, he asks this Court to infer diversity based on his conclusory statement that "[t]his case is brought on diversity." Dkt. 1 at 1. More is required under Rule (a)(1). *McCready*, 453 F.3d at 890. So, this Court concludes that it lacks subject-matter jurisdiction over Collins's claim as presented.

**B.     Collins fails to state a claim upon which relief can be granted.**

Even if Collins established subject-matter jurisdiction, his lawsuit cannot proceed because Collins has failed to state a claim upon which relief can be granted—even under the less stringent *pro se* pleading standard. Complaints must contain enough information from which a court can reasonably infer "that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (2009). Collins's four-word allegation—"Defendants delayed the ruling," dkt. 1 at 1—falls well short of that standard. He provides no context as to who the "defendants"

are, what ruling they delayed, or how such delay harmed him.  Thus, assuming the Court had subject-matter jurisdiction, it would still dismiss the complaint for failure to state a claim upon which relief can be granted.

## V.

## CONCLUSION

For these reasons, Collins's Motion for Leave to Proceed *In Forma Pauperis* is **GRANTED.**  Dkt. [2].  His complaint must be **DISMISSED without prejudice** for lack of subject-matter jurisdiction.  Dkt. [1].

Collins shall have through **April 27, 2026,** to **SHOW CAUSE** why final judgment should not issue due to his failure to establish a basis for the Court's subject-matter jurisdiction and failure to state a claim on which relief may be granted.  If Collins fails to timely respond to this Order to show cause, the case will be dismissed without further notice in accordance with the Court's obligation to ensure its own jurisdiction and 28 U.S.C. § 1915A(e)(2).

**SO ORDERED.**

Date: 3/27/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

JUSTIN COLLINS
110 Bishop St.
Honolulu, HI 96510